UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ILEANA DELGADO,

                                  Plaintiff,                **Civil Action No.:**

         - against -

                                              **<u>NOTICE OF REMOVAL</u>**

AMF BOWLING CENTERS, INC.,

                                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF NEW YORK

        Defendant-Petitioner, AMF BOWLING CENTERS, INC. (hereinafter "Defendant-Petitioner"), by and through its counsel of record, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, submits this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441 and 1446, and the United States District Court for the Eastern District of New York Local Rule of Civil Procedure 81.1, and respectfully includes the following statements:

        1.      On or about April 11, 2022, the Plaintiff Ileana Delgado (hereinafter "Plaintiff"), filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Suffolk.  The civil action was entitled <u>Ileana Delgado v. Bowlero Sayville, Bowlero Corp., d/b/a Bowlero Sayville, AMF Bowling Centers, Inc., d/b/a Bowlero Sayville and AMF Bowl-O-Drome Lanes</u>, and bears Index Number 607007/2022.

        2.      On or about June 7, 2022, a Stipulation to Amend Caption and Summons and Complaint was filed, permitting Plaintiff to file an Amended Summons and Complaint.  The stipulation also removed Bowlero Sayville, Bowlero Corp., d/b/a Bowlero Sayville and AMF Bowl-O-Drome Lanes from the caption and revised the name of Defendant AMF Bowling Centers,

Inc., d/b/a Bowlero Sayville to AMF Bowling Centers, Inc.  As such, the only remaining Defendant in this action is Defendant-Petitioner AMF Bowling Centers, Inc.

3.      On or about June 8, 2022, Plaintiff filed an Amended Summons and Amended Verified Complaint (hereinafter "Amended Complaint") in the Supreme Court of the State of New York, County of Suffolk. The action is now entitled Ileana Delgado v. AMF Bowling Centers, Inc., and still bears Index Number 607007/2022.

4.      As asserted in the Amended Complaint, Plaintiff seeks damages arising out of alleged personal injuries sustained in a slip and fall incident purportedly occurring on a certain premises owned, leased, managed, maintained, operated and/or controlled by Defendant-Petitioner. As per correspondence from Plaintiff's counsel, the total damages to which plaintiff deems herself entitled to is one million two hundred fifty thousand dollars ($1,250,000). Accordingly, the amount in controversy in this suit is in excess, exclusive of interests and costs, of $75,000.

5.      There is complete diversity of citizenship pursuant to 28 U.S.C. § 1332. The citizenship of the parties is as follows:

a.  Plaintiff Ileana Delgado is now, and was at the time said action was commenced, a resident and domiciliary of the State of New York residing, upon information and belief, at 1237 Boston Avenue, Bay Shore, New York; and

b.  Defendant-Petitioner AMF Bowling Centers, Inc. was and continues to be a Virginia corporation organized and existing under the laws of the State of Virginia, having its principal place of business in Virginia, 7313 Bell Creek Road Mechanicsville, Virginia.

6.      The State Action was commenced against Defendant-Petitioner on or about April 11, 2022.

7.      On July 8, 2022, Defendant-Petitioner filed and served a Verified Answer and Affirmative Defenses, along with a Notice of Deposition and Demand for *Ad Damnum*. Plaintiff's counsel responded to Defendant-Petitioner's Demand for *Ad Damnum* by letter correspondence dated August 4, 2022, transmitted via electronic mail on August 5, 2022, copies of which are collectively annexed hereto as **Exhibit "A,"** indicating that the damages allegedly sustained by Plaintiff arising from the subject incident amount to one million two hundred fifty thousand dollars ($1,250,000), exceeding $75,000.

8.      No other proceedings have occurred in the State Court action.

9.      This motion, is timely filed pursuant to 28 U.S.C. § 1446(b)(3), on the grounds and to the extent that Defendant-Petitioner filed its Notice of Removal within 30 days of receipt of Plaintiff's August 5, 2022 electronic mail transmitting Plaintiff's letter correspondence dated August 4, 2022, asserting an amount in controversy in excess of $75,000.

10.     Said action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity of citizenship between Plaintiff and Defendant-Petitioner.

11.     Written filing of this motion will be given to Plaintiff promptly after the filing of this Motion, as required by law.

12.     A true and correct copy of this Motion will be filed with the Clerk of the Supreme Court of the State of New York, Suffolk County promptly after the filing of this motion, as required by law.

13.     Attached to this Motion, and by reference made a part hereof, is an index identifying each document filed and/or served in the State Action, annexed hereto as **Exhibit "B,"** along with true and correct copies of all documents filed and/or served in the State Action, annexed hereto as **Exhibit "C."**

14.     By filing this Notice of Removal, Defendant-Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest in personam jurisdiction over Defendant-Petitioner, improper service of process upon the Defendant-Petitioner, and the absence of venue in this Court or in the court from which the action has been removed.

WHEREFORE, Defendant-Petitioner AMF Bowling Centers, Inc., prays that this action proceed in this Court as an action properly removed thereto.

Dated: White Plains, New York
       September 2, 2022

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:     _____
        Keri A. Joeckel, Esq.
        Attorneys for Defendant-Petitioner
        AMF BOWLING CENTERS, INC.
        1133 Westchester Avenue
        White Plains, New York 10604
        (914) 323-7000
        File No. 11033.00281


TO:     THE HARRISON LAW GROUP, P.C.
        Brett J. Harrison, Esq.
        Attorneys for Plaintiff
        ILEANA DELGADO
        445 Broad Hollow Road, Suite 400
        Melville, New York 11747
        (631) 465-9797

# EXHIBIT A

# The Harrison Law Group, P.C.
445 Broad Hollow Road, Suite 400
Melville, New York 11747
Phone: (631) 465-9797
Fax: (631) 465-9799

August 4, 2022

Wilson Elser Moskowitz Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, New York 10604

Re: DELGADO v. AMF BOWLING CENTERS, INC.
Index No.: 607007/2022

Dear Ms. Joeckel:

Pursuant to the CPLR§ 3017, the plaintiff's total damages demand herein is $1,250,000.00, however, our office is willing to enter into good faith settlement negotiations to amicably resolve this action.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

THE HARRISON LAW GROUP, P.C.

Brett J. Harrison

BJH/ks

**Joeckel, Keri**

| | |
|---|---|
| **From:** | Kristi Salsedo <kristi@hlgny.com> |
| **Sent:** | Friday, August 5, 2022 1:12 PM |
| **To:** | Joeckel, Keri |
| **Cc:** | Sibila Hujic |
| **Subject:** | Re: ILEANA DELGADO v. BOWLERO SAYVILLE et al 607007/2022 |
| **Attachments:** | Ltr to defts total damages.pdf |

**[EXTERNAL EMAIL]**
Good Afternoon,

Attached please find our response to CPLR§ 3017, plaintiff's total damages.

Thank you
Kristi Salsedo
*Paralegal*
THE HARRISON LAW GROUP, P.C.
445 Broad Hollow Road
Suite 400
Melville, New York 11747
P: (631) 465-9797
F: (631) 465-9799
C: (646) 265-7618
kristi@hlgny.com

**From:** Kristi Salsedo
**Sent:** Tuesday, July 12, 2022 12:35:11 PM
**To:** Joeckel, Keri
**Cc:** Sibila Hujic
**Subject:** Re: ILEANA DELGADO v. BOWLERO SAYVILLE et al 607007/2022

Thank you for responding so quickly, I will speak with Mr. Harrison on this matter and get back to you shortly.

Kristi Salsedo
*Paralegal*
THE HARRISON LAW GROUP, P.C.
445 Broad Hollow Road
Suite 400
Melville, New York 11747
P: (631) 465-9797
F: (631) 465-9799
C: (646) 265-7618
kristi@hlgny.com

**From:** Joeckel, Keri <Keri.Joeckel@wilsonelser.com>
**Sent:** Tuesday, July 12, 2022 11:58:25 AM
**To:** Kristi Salsedo

# EXHIBIT B

**Index of New York State Courts Electronic Filing (NYSCEF) Documents**

| # | Document | |
|---|----------|---|
| 1 | SUMMONS + COMPLAINT | Filed: 04/11/2022 |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | Filed: 05/06/2022 |
| 3 | STIPULATION - AMENDING CAPTION | Filed: 06/07/2022 |
| 4 | SUMMONS (PRE RJI) (AMENDED) | Filed: 06/08/2022 |
| 5 | COMPLAINT (AMENDED) | Filed: 06/08/2022 |
| 6 | ANSWER | Filed: 07/08/2022 |
| 7 | DEMAND FOR: Notice to Take Deposition and Demand for Ad Damnum | Filed: 07/08/2022 |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE | Filed: 07/21/2022 |
| 9 | AFFIRMATION/AFFIDAVIT OF SERVICE | Filed: 07/21/2022 |
| 10 | AFFIRMATION/AFFIDAVIT OF SERVICE | Filed: 07/21/2022 |
| 11 | AFFIRMATION/AFFIDAVIT OF SERVICE | Filed: 07/25/2022 |
| 12 | AFFIRMATION/AFFIDAVIT OF SERVICE | Filed: 07/25/2022 |
| 13 | AFFIRMATION/AFFIDAVIT OF SERVICE | Filed: 07/25/2022 |

# EXHIBIT C

# Document #1

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 12 of 68 PageID #: 12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

**SUMMONS**

-------------------------------------------------------------X

ILEANA DELGADO,

Index No.:
Date Purchased:

         Plaintiff,

Plaintiff designates
SUFFOLK County as
the place of trial

   -against-

Basis of Venue:
Plaintiff's Residence

BOWLERO SAYVILLE, BOWLERO CORP., d/b/a
BOWLERO SAYVILLE, AMF BOWLING CENTERS,
INC., d/b/a BOWLERO SAYVILLE and AMF BOWL-O-
DROME LANES,

Plaintiff resides at:
1237 Boston Avenue
Bay Shore, NY 11706

         Defendants.

-------------------------------------------------------------X

**TO THE ABOVE DEFENDANTS:**

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff(s) Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
      April 6, 2022

                  **BRETT J. HARRISON, ESQ.**
                  **THE HARRISON LAW GROUP, P.C.**
                  *Attorneys for Plaintiff*
                  445 Broad Hollow Road, Suite 400
                  Melville, New York 11747
                  (631) 465-9797

Defendant's Address:

**BOWLERO SAYVILLE**
**Via SECRETARY OF STATE**
5660 Sunrise Highway
Sayville, New York 11782

Case 2:22-cv-05262 Document 1 Filed 09/02/22 Page 13 of 68 PageID #: 13

**BOWLERO CORP. d/b/a**
**BOWLERO SAYVILLE**
**Via SECRETARY OF STATE**
5660 Sunrise Highway
Sayville, New York 11782

**AMF BOWLING CENTERS, INC. d/b/a**
**BOWLERO SAYVILLE**
**Via SECRETARY OF STATE**
5660 Sunrise Hwy
Sayville, New York 11782

**AMF BOWL-O-DROME LANES**
**Via SECRETARY OF STATE**
5660 Sunrise Hwy
Sayville, New York 11782

Case 2:22-cv-05262 Document 1 Filed 09/02/22 Page 14 of 68 PageID #: 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
ILEANA DELGADO,

                     Plaintiff,

     -against-


BOWLERO SAYVILLE, BOWLERO CORP., d/b/a
BOWLERO SAYVILLE, AMF BOWLING CENTERS,
INC., d/b/a BOWLERO SAYVILLE, and
AMF BOWL-O-DROME LANES,

                   Defendants.
-----------------------------------------------------------------X

**VERIFIED**
**COMPLAINT**

Index No.:
Date Purchased:

        Plaintiff, by her attorneys, THE HARRISON LAW GROUP, P.C., complaining of the

Defendants herein alleges as follows:

        1.      At all times herein mentioned, Plaintiff, ILEANA DELGADO, was and still is a

resident of the County of Suffolk, State of New York.

        2.   At all times hereinafter mentioned, Defendant, BOWLERO SAYVILLE, was and still

is a domestic corporation duly organized and existing under and by virtue of the laws of the State

of New York.

        3.   At all times hereinafter mentioned, Defendant, BOWLERO SAYVILLE, was and still

is a foreign corporation duly authorized to conduct business in the State of New York.

        4.   At all times hereinafter mentioned, Defendant, BOWLERO SAYVILLE, was and still

is a limited liability company, organized and existing under and by the virtue of the laws of the

State of New York.

5.      At all times hereinafter mentioned, Defendant, BOWLERO SAYVILLE, was and still is a partnership duly organized and existing under and by the virtue of the laws of the State of New York.

6.      At all times hereinafter mentioned, Defendant, BOWLERO SAYVILLE, was and still is a sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

7.      At all times hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      At all times hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, was and still is a foreign corporation duly authorized to conduct business in the State of New York.

9.      At all times hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, was and still is a limited liability company, organized and existing under and by the virtue of the laws of the State of New York.

10.     At all times hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, was and still is a partnership duly organized and existing under and by the virtue of the laws of the State of New York.

11.     At all times hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, was and still is a sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

12.     At all times hereinafter mentioned, Defendant AMF BOWLING LANES, INC.,
d/b/a BOWLERO SAYVILLE, was and still is a domestic corporation duly organized and existing
under the laws of the State of New York.

13.     At all times hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC.,
d/b/a BOWLERO SAYVILLE, was and still is a foreign corporation duly authorized to conduct
business in the State of New York.

14.     At all times hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC.,
d/b/a BOWLERO SAYVILLE, was and still is a limited liability company duly organized and
existing under and by the virtue of the laws of the State of New York.

15.     At all times hereinafter mentioned, Defendant, AMF BOWLING LANES, INC.,
d/b/a BOWLERO SAYVILLE, was and still is a partnership duly organized and existing under
and by the virtue of the laws of the State of New York.

16.     At all times hereinafter mentioned, Defendant, AMF BOWLING LANES, INC.,
d/b/a BOWLERO SAYVILLE, was and still is a sole proprietorship duly organized and existing
under and by virtue of the laws of the State of New York.

17.     At all times herein mentioned, Defendant, AMF BOWL-O-DROME LANES, was
and still is a domestic corporation, duly organized and existing under and by virtue of the laws of
the State of New York.

18.     At all times herein mentioned, Defendant, AMF BOWL-O-DROME LANES, was
and still is a foreign corporation duly authorized to conduct business in the State of New York.

19.     At all times hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES,
was and still is a limited liability company, organized and existing under and by the virtue of the
laws of the State of New York.

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 17 of 68 PageID #: 17

20.     At all times hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, was and still is a partnership duly organized and existing under and by the virtue of the laws of the State of New York.

21.     At all times hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, was and still is a sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

22.     Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, maintained a place of business at 5660 Sunrise Highway, Sayville, New York 11782.

23.     Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, owned, leased, operated, maintained and/or controlled the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782.

24.     Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, owned, leased, operated, maintained and/or controlled the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782 (hereinafter referred to as the "PREMISES").

25.     Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, owned said PREMISES.

26.     Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, operated said PREMISES.

27.     Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, managed said PREMISES.

28.    Upon information and belief, at the time hereinafter mentioned, Defendant BOWLERO SAYVILLE, maintained said PREMISES.

29.    Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, controlled said PREMISES

30.    Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, was a tenant in possession of said PREMISES.

31.    Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO SAYVILLE, leased said PREMISES from another party.

32.    Upon information and belief, at the time herein mentioned, Defendant, BOWLERO SAYVILLE, subleased said PREMISES from another party.

33.    At all times hereinafter mentioned, Defendant, BOWLERO SAYVILLE, by its agents, servants, officers and/or employees, owned, operated, controlled, maintained and/or managed the PREMISES, including the bowling lane #1, the appurtenances thereto, and the surfaces surrounding the same.

34.    At the times herein mentioned, Defendant, BOWLERO SAYVILLE, was under a duty to keep and maintain the said PREMISES in a safe and proper condition for patrons lawfully therein.

35.    Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, maintained a place of business at 5660 Sunrise Highway, Sayville, New York 11782.

36.    Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, owned, leased, operated, maintained and/or controlled the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782.

37. Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, owned, leased, operated, maintained and/or controlled the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782 (hereinafter referred to as the "PREMISES").

38. Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, owned said PREMISES.

39. Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, operated said PREMISES.

40. Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, managed said PREMISES.

41. Upon information and belief, at the time hereinafter mentioned, Defendant BOWLERO CORP., d/b/a BOWLERO SAYVILLE, maintained said PREMISES.

42. Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, controlled said PREMISES.

43. Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, was a tenant in possession of said PREMISES.

44. Upon information and belief, at the time hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, leased said PREMISES from another party.

45. Upon information and belief, at the time herein mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, subleased said PREMISES from another party.

46. At all times hereinafter mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, by its agents, servants, officers and/or employees, owned, operated,

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 20 of 68 PageID #: 20

controlled, maintained and/or managed the PREMISES, including the bowling lane #1, the appurtenances thereto, and the surfaces surrounding the same.

47.     At the times herein mentioned, Defendant, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, was under a duty to keep and maintain the said PREMISES in a safe and proper condition for patrons lawfully therein.

48.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, maintained a place of business at 5660 Sunrise Highway, Sayville, New York 11782.

49.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, owned, leased, operated, maintained and/or controlled the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782.

50.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, owned, leased, operated, maintained and/or controlled the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782 (hereinafter referred to as the "PREMISES").

51.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, owned said PREMISES.

52.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, operated said PREMISES.

53.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, managed said PREMISES.

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 21 of 68 PageID #: 21

54.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, maintained said PREMISES.

55.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, controlled said PREMISES.

56.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, was a tenant in possession of said PREMISES.

57.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, leased said PREMISES from another party.

58.     Upon information and belief, at the time herein mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, subleased said PREMISES from another party.

59.     At all times hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, by its agents, servants, officers and/or employees, owned, operated, controlled, maintained and/or managed the PREMISES, including the bowling lane #1, the appurtenances thereto, and the surfaces surrounding the same.

60.     At the times herein mentioned, Defendant, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, was under a duty to keep and maintain the said PREMISES in a safe and proper condition for patrons lawfully therein.

61.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, maintained a place of business at 5660 Sunrise Highway, Sayville, New York 11782.

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 22 of 68 PageID #: 22

62.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, owned, leased, operated, maintained and/or controlled the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782.

63.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, owned, leased, operated, maintained and/or controlled the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782 (hereinafter referred to as the "PREMISES").

64.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, owned said PREMISES.

65.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, operated said PREMISES.

66.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, managed said PREMISES.

67.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, maintained said PREMISES.

68.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, controlled said PREMISES.

69.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, was a tenant in possession of said PREMISES.

70.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, leased said PREMISES from another party.

71.     Upon information and belief, at the time herein mentioned, Defendant, AMF BOWL-O-DROME LANES, subleased said PREMISES from another party.

Case 2:22-cv-05262 Document 1 Filed 09/02/22 Page 23 of 68 PageID #: 23

72.     At all times hereinafter mentioned, Defendant, AMF BOWL-O-DROME LANES, by its agents, servants, officers and/or employees, owned, operated, controlled, maintained and/or managed the PREMISES, including the bowling lane #1, the appurtenances thereto, and the surfaces surrounding the same.

73.     At the times herein mentioned, Defendant, AMF BOWL-O-DROME LANES, was under a duty to keep and maintain the said PREMISES in a safe and proper condition for patrons lawfully therein.

## AS & FOR A FIRST CAUSE OF ACTION

74.     On December 15, 2021, Plaintiff, ILEANA DELGADO, while a customer who was lawfully present at said PREMISES, was caused to slip and fall onto the ground due to the greasy and/or slippery surface of bowling lane #1 on said PREMISES, thereby causing her to sustain serious permanent injuries and monetary damages hereinafter set forth.

75.     The incident complained of, and injuries and damages hereinafter alleged, were caused solely by the carelessness and negligence of the Defendants, BOWLERO SAYVILLE, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, and AMF BOWL-O-DROME LANES, its officers, agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, inspection, repair and control, of the aforesaid PREMISES, without any culpable conduct on the part of the Plaintiff contributing thereto.

76.     The Defendants, their agents, servants and/or employees had actual and/or constructive notice of the greasy and/or slippery condition of the floor in the area where the Plaintiff fell in that said defendants created and/or allowed said slippery condition by causing and/or allowing said greasy and/or other foreign substance to exist in said area and said dangerous,

Case 2:22-cv-05262 Document 1 Filed 09/02/22 Page 24 of 68 PageID #: 24

and said dangerous and unsafe condition existed for a sufficient length of time to enable the Defendants, their agents, servants and/or employees to discover and remedy the same had they exercised reasonable and proper care.

77.    The incident complained of, and injuries and damages hereinafter alleged, were caused solely by the carelessness and negligence of the Defendants, BOWLERO SAYVILLE, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, and AMF BOWL-O-DROME LANES, their officers, agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, inspection, repair and/or control of the aforesaid PREMISES, including the affirmative acts and/or omissions taken or failed to be taken with respect to the presence of said greasy and/or other slippery foreign substance; in causing and creating the existence of said greasy and/or slippery foreign substance; in causing and allowing the floor to become and to remain in a dangerous and unsafe condition; in failing to abate and/or remedy said greasy and/or slippery condition; and in failing to maintain the said PREMISES in a reasonably safe condition, all without any fault, negligence, assumption of risk, or other culpable conduct on Plaintiff's part contributing thereto.

78.    As a result of the incident complained of, Plaintiff, ILEANA DELGADO, was caused to slip and fall and to sustain serious personal injuries, mental anguish, pain and suffering and loss of enjoyment of life, some of which are continuing or permanent.

79.    Plaintiff has also been required to seek medical care and treatment and will require further medical care and treatment. In addition, she has been unable to attend to her usual and customary activities, and her disabilities are continuing and may be permanent. She has been compelled to expend money or incur obligations for services and expenses for her care and treatment, which may continue.

Case 2:22-cv-05262 Document 1 Filed 09/02/22 Page 25 of 68 PageID #: 25

80.    By reason of the foregoing, Plaintiff, ILEANA DELGADO, claims substantial damages in a sum in excess of the monetary jurisdictional limits of all lower Courts.


**WHEREFORE**, Plaintiff demands judgement against the Defendants, in a sum in excess of the monetary jurisdictional limits of any court other than the Supreme Court; together with interest and the costs and disbursements of this action.

Dated: Melville, New York
       April 6, 2022

Yours, etc.

_____

BRETT J. HARRISON, ESQ.
THE HARRISON LAW GROUP, P.C.
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 400
Melville, New York 11747
(631) 465-9797

Case 2:22-cv-05262  Document 1  Filed 09/02/22  Page 26 of 68 PageID #: 26

## VERIFICATION

STATE OF NEW YORK )
                ss.:
COUNTY OF SUFFOLK)

       **ILEANA DELGADO**, being duly sworn, deposes and says:

       I am the Plaintiff in the within action and have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as those matters deponent believes it to be true.

ILEANA DELGADO

Sworn to before me on the

   Day of April, 2022

Notary Public

KRISTI SALSEDO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6283149
Qualified in SUFFOLK COUNTY
Commission Expires   May 28, 2025

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 27 of 68 PageID #: 27

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ILEANA DELGADO,

*Plaintiff,*

-against-

BOWLERO CORP. d/b/a BOWLERO SAYVILLE,
AMF BOWLING CENTERS, INC.,
d/b/a BOWLERO SAYVILLE, and
AMF BOWL-O-DROME LANES,

*Defendants.*

---

### SUMMONS & VERIFIED COMPLAINT

---

**THE HARRISON LAW GROUP, P.C.**
*Attorneys for Plaintiff*
*ILEANA DELGADO*
445 BROAD HOLLOW ROAD, SUITE 400
MELVILLE, NEW YORK 11747
TELEPHONE: (631) 465-9797
TELECOPIER: (631) 465-9799

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

BRETT J. HARRISON, ESQ.

**Sir: Please take notice**
<u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                                    2022
<u>NOTICE OF SETTLEMENT</u>
that an order                                                     of which the within is a true copy will be presented   for
settlement to the HON.                                                 one of the judges

of the within named Court, at
on the                    day of                2022        at          M.

Dated:

Yours, etc.
**THE HARRISON LAW GROUP, P.C.**
*Attorneys for Plaintiff*
*ILEANA DELGADO*
445 BROAD HOLLOW ROAD, SUITE 400
MELVILLE, NEW YORK 11747
TELEPHONE: (631) 465-9797
TELECOPIER: (631) 465-9799

# Document #2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

INDEX #: 607007/2022
DATE FILED: 04/11/2022
COURT DATE:
Job #: 567699
Your File No:HARRISON

ILEANA DELGADO,

*Plaintiff*

vs

BOWLERO SAYVILLE, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, AMF BOWLING CENTERS, INC.,
d/b/a BOWLERO SAYVILLE and AMF BOWL-O-DROME LANES,

*Defendant*

ORIGINAL

CLIENT'S FILE NO.: HARRISON

STATE OF NEW YORK: COUNTY OF NASSAU    ss:

**AFFIDAVIT OF SERVICE**

I, Yoler Jean-Baptiste, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of .

That on 5/2/2022 at 11:58 AM at C/O CT CORP; 28 LIBERTY ST, NEW YORK, NY 10035, deponent served the within SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING by personally delivering to and leaving with VINCENZA CIPRIANO for AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE, a true copy thereof, and that deponent knew the person so served to be the AUTHORIZED PARTY/ and stated (s)he was authorized to accept legal papers for the defendant/recipeint herein.

THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 04/11/2022

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 51 - 65 Yrs., **Approx Weight**: 131-160 Lbs., **Approx Height**: 5ft 4in - 5ft 8in, **Sex**: Female, **Approx Skin**: White, **Approx Hair**: Black, **Other**:

Sworn to before me on 5/5/2022
Leta Evanthes 01EV6205373
Notary Public, State of New York
Qualified in Nassau County
Commission Expires May 11, 2025

Yoler Jean-Baptiste
1139306

R/D Traveler's 206 Stonehinge Ln - Ste 2, Carle Place, NY 11514 - NYC DCA Lic# 1373465

1 of 1

Scanned with CamScanner

# Document #3

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 31 of 68 PageID #: 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------- X

ILEANA DELGADO,                                    Index No. 607007/2022

              Plaintiff,

      -against-                                **STIPULATION TO AMEND
                                        CAPTION AND SUMMONS
BOWLERO SAYVILLE, BOWLERO CORP., d/b/a         AND COMPLAINT**
BOWLERO SAYVILLE, AMF BOWLING CENTERS,
INC., d/b/a BOWLERO SAYVILLE and AMF BOWL-O-
DROME LANES,

              Defendants.

------------------------------------------------------------------- X

      **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned

attorneys for the parties herein that the Summons and Complaint is hereby amended to change the

caption, removing defendants BOWLERO SAYVILLE, BOWLERO CORP., d/b/a BOWLERO

SAYVILLE and AMF BOWL-O-DROME LANES from the caption and revising the name of

defendant AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE to AMF

BOWLING CENTERS, INC.; and

      **IT IS HEREBY FURTHER STIPULATED AND AGREED** by and between the

attorneys for the parties herein, that Plaintiff may serve an Amended Summons and Complaint

and that defendant's attorney, will accept service of process of the Amended Summons and

Complaint on behalf of defendant.

      **IT IS HEREBY FURTHER STIPULATED AND AGREED** by and between the

undersigned attorneys for the parties herein, that defendant will serve an Answer within 30 days

of receipt of the Amended Verified Complaint, and said Answer is deemed accepted by plaintiff's

counsel as timely and properly served; and

270968900v.1

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 32 of 68 PageID #: 32

**IT IS HEREBY FURTHER STIPULATED AND AGREED** by and between the attorneys for the parties herein, that the Amended Summons and Complaint will be served within 30 days of the electronic filing of this Stipulation, and that the Amended caption shall read:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------- X
ILEANA DELGADO,

                                                    Index No. 607007/2022

                    Plaintiff,

          -against-

AMF BOWLING CENTERS, INC.,

                    Defendant.

-------------------------------------------------------------------- X

**IT IS HEREBY FURTHER STIPULATED AND AGREED** by and between the attorneys for the parties herein, that this stipulation may be executed in counterparts, a facsimile and/or electronic execution shall be deemed an original and the stipulation may be filed with the Court without further notice.

Dated:  White Plains, New York
        May 10, 2022

**THE HARRISON LAW GROUP, P.C.**

_____/\_____

BRETT J. HARRISON, ESQ.
*Attorneys for Plaintiff*
445 Broad Hollow Road, Suite 400
Melville, New York 11747
(631) 465-9797

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

_____Kiar_____

KERI A. JOECKEL, ESQ.
*Attorneys for Defendants*
1133 Westchester Avenue
White Plains, New York 10604
(914) 872-7160
File No.:  11033.00281

2

270968900v.1

# Document #4

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 34 of 68 PageID #: 34

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
ILEANA DELGADO,

                Plaintiff,

    -against-

AMF BOWLING CENTERS, INC.,

                Defendant.
-----------------------------------------------------------------X

**AMENDED**
**SUMMONS**

Index No.: 607007/2022
Date Purchased:
4/11/2022

Plaintiff designates
SUFFOLK County as
the place of trial

Basis of Venue:
Plaintiff's Residence

Plaintiff resides at:
1237 Boston Avenue
Bay Shore, NY 11706

**TO THE ABOVE DEFENDANT:**

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff(s) Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
      June 2, 2022

                              **BRETT J. HARRISON, ESQ.**
                              **THE HARRISON LAW GROUP, P.C.**
                              *Attorneys for Plaintiff*
                              445 Broad Hollow Road, Suite 400
                              Melville, New York 11747
                              (631) 465-9797

Defendant's Address:
**AMF BOWLING CENTERS, INC.**
Via
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
*Attorneys for Defendant*
*AMF BOWLING CNENTERS, INC.*
1133 Westchester Avenue
White Plains, New York 10604
(914) 872-7160

# Document #5

Case 2:22-cv-05262 Document 1 Filed 09/02/22 Page 36 of 68 PageID #: 36

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------------X

ILEANA DELGADO,                                                    Index No.: 607007/2022

                  Plaintiff,                          **AMENDED**
                                                                               **VERIFIED**
    -against-                                                    **COMPLAINT**

AMF BOWLING CENTERS, INC.,

                  Defendant.

------------------------------------------------------------------X

       Plaintiff, by her attorneys, THE HARRISON LAW GROUP, P.C., complaining of the

Defendant herein alleges as follows:

       1.      At all times herein mentioned, Plaintiff, ILEANA DELGADO, was and still is a

resident of the County of Suffolk, State of New York.

       2.      At all times hereinafter mentioned, Defendant AMF BOWLING LANES, INC.,

was and still is a domestic corporation duly organized and existing under the laws of the State of

New York.

       3.      At all times hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC.,

was and still is a foreign corporation duly authorized to conduct business in the State of New

York.

       4.      Upon information and belief, at the time hereinafter mentioned, Defendant, AMF

BOWLING CENTERS, INC., maintained a place of business at 5660 Sunrise Highway, Sayville,

New York 11782.

5.      Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., owned and/or leased the bowling center located at 5660 Sunrise Highway, Sayville, New York 11782 (hereinafter referred to as the "PREMISES").

8.      Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., maintained said PREMISES

9.      Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., managed said PREMISES.

10.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., controlled said PREMISES.

11.     Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., operated said PREMISES.

12      Upon information and belief, at the time hereinafter mentioned, Defendant, AMF BOWLING CENTERS, INC., controlled said PREMISES.

13.     At the times herein mentioned, Defendant, AMF BOWLING CENTERS, INC., was under a duty to keep and maintain the said PREMISES, including bowling lane #1, as well as the appurtenances thereto, and the surfaces surrounding the same, in a safe and proper condition for patrons lawfully therein.

### AS & FOR A FIRST CAUSE OF ACTION

14.     On December 15, 2021, Plaintiff, ILEANA DELGADO, while a customer who was lawfully present at said PREMISES, was caused to slip and fall onto the floor in the area of bowling lane #1, due to the greasy and/or slippery surface of the floor in said area, thereby causing her to sustain serious permanent injuries and monetary damages hereinafter set forth.

15.     The incident complained of, and the injuries and damages sustained by the plaintiff, were caused solely by the carelessness and negligence of the Defendant, AMF BOWLING CENTERS, INC., its officers, agents, servants and/or employees, in the operation, maintenance, management, supervision, inspection, repair, and/or control of the aforesaid PREMISES, without any culpable conduct on the part of the Plaintiff contributing thereto.

16.     The Defendant, their agents, servants and/or employees had actual and/or constructive notice of the greasy and/or slippery condition of the floor in the area where the Plaintiff fell in that said defendant created and/or allowed said slippery condition by causing and/or allowing said greasy and/or other foreign substance to exist in said area, and said dangerous and unsafe condition existed for a sufficient length of time to enable the Defendant, their agents, servants and/or employees to discover and remedy the same had they exercised reasonable and proper care.

17.     The incident complained of, and injuries and damages hereinafter alleged, were caused solely by the carelessness and negligence of the Defendant, AMF BOWLING CENTERS, INC., their officers, agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, inspection, repair and/or control of the aforesaid PREMISES, including the affirmative acts and/or omissions taken or failed to be taken with respect to the presence of said greasy and/or other slippery foreign substance; in causing and creating the existence of said greasy and/or slippery foreign substance; in causing and allowing the floor to become and to remain in a dangerous and unsafe condition; in failing to abate and/or remedy said greasy and/or slippery condition; and in failing to maintain the said PREMISES in a reasonably safe condition, all without any fault, negligence, assumption of risk, or other culpable conduct on Plaintiff's part contributing thereto.

18.     As a result of the incident complained of, Plaintiff, ILEANA DELGADO, was caused to slip and fall and to sustain serious personal injuries, mental anguish, pain and suffering and loss of enjoyment of life, some of which are continuing or permanent.

19.    Plaintiff has also been required to seek medical care and treatment and will require further medical care and treatment. In addition, she has been unable to attend to her usual and customary activities, and her disabilities are continuing and may be permanent. She has been compelled to expend money or incur obligations for services and expenses for her care and treatment, which may continue.

20.     By reason of the foregoing, Plaintiff, ILEANA DELGADO, claims substantial damages in a sum in excess of the monetary jurisdictional limits of all lower Courts.

**WHEREFORE**, Plaintiff demands judgement against the Defendant, in a sum in excess of the monetary jurisdictional limits of any court other than the Supreme Court; together with interest and the costs and disbursements of this action.

Dated: Melville, New York
June 2, 2022

Yours, etc.

_____
BRETT J. HARRISON, ESQ.
THE HARRISON LAW GROUP, P.C.
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 400
Melville, New York 11747
(631) 465-9797

## VERIFICATION

STATE OF NEW YORK )
                 ss.:
COUNTY OF SUFFOLK)


**ILEANA DELGADO**, being duly sworn, deposes and says:

I am the Plaintiff in the within action and have read the foregoing **AMENDED SUMMONS AND AMENDED VERIFIED COMPLAINT** and know the contents thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as those matters deponent believes it to be true.

ILEANA DELGADO

Sworn to before me on the

2nd Day of June, 2022.

Notary Public

KRISTI SALSEDO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6283149
Qualified in SUFFOLK COUNTY
Commission Expires May 28, 2025

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 41 of 68 PageID #: 41

Index No.: 607007/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ILEANA DELGADO,

*Plaintiff,*

-against-

AMF BOWLING CENTERS, INC.,

*Defendants.*

## AMENDED SUMMONS & AMENDED VERIFIED COMPLAINT

**THE HARRISON LAW GROUP, P.C.**
*Attorneys for Plaintiff*
*ILEANA DELGADO*
445 BROAD HOLLOW ROAD, SUITE 400
MELVILLE, NEW YORK 11747
TELEPHONE: (631) 465-9797
TELECOPIER: (631) 465-9799

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

BRETT J. HARRISON, ESQ.

**Sir: Please take notice**
NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                     2022
NOTICE OF SETTLEMENT
that an order                                          of which the within is a true copy will be presented   for
settlement to the HON.                                              one of the judges

of the within named Court, at
on the                     day of                     2022       at          M.

Dated:

Yours, etc.
THE HARRISON LAW GROUP, P.C.
*Attorneys for Plaintiff*
*ILEANA DELGADO*
445 BROAD HOLLOW ROAD, SUITE 400
MELVILLE, NEW YORK 11747
TELEPHONE: (631) 465-9797
TELECOPIER: (631) 465-9799

# Document #6

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 43 of 68 PageID #: 43

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------------------x

ILEANA DELGADO,

        Plaintiff,

    -against-

AMF BOWLING CENTERS, INC.

        Defendant.

------------------------------------------------------------------------x

Index No.: 607007/2022

**VERIFIED ANSWER TO
AMENDED VERIFIED
COMPLAINT**

Defendant, AMF BOWLING CENTERS, INC., by and through its attorneys, the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for their Verified Answer to the Amended Verified Complaint, dated June 2, 2022, of Plaintiff, ILEANA DELGADO ("Plaintiff"), alleges, upon information and belief, as follows:[1]

1.     Denies any knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated as "1" of Plaintiff's Amended Verified Complaint.

2.     Denies the allegations set forth in the paragraphs designated as "2", "4" and "19" of Plaintiff's Amended Verified Complaint.

3.     Admits the allegations set forth in the paragraphs designed as "3", "8", "9", "10", "11", and "12" of Plaintiff's Amended Verified Complaint.

4.     Denies the allegations set forth in the paragraph designated as "5" of Plaintiff's Amended Verified Complaint, except admit to the extent that Defendant, AMF BOWLING CENTERS, INC., was a lessee of real property located at 5660 Sunrise Highway, Sayville, New York 11782.

---

[1] Plaintiff's Amended Verified Complaint does not contain paragraphs designated as "6" and "7".

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 44 of 68 PageID #: 44

5.      Denies the allegations set forth in the paragraphs designated as "13", "14", "15", "16", "17", "18", and "20" of Plaintiff's Amended Verified Complaint, leaving all questions of law for resolution by the Court and all questions of fact for resolution by the fact-finder.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.      Upon information and belief, that whatever injuries and damages Plaintiff may have sustained at the time and place and in the manner alleged in the Amended Verified Complaint were caused, in whole or in part, by the culpable conduct, including contributory negligence, of said Plaintiff.  The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.      Upon information and belief, that any and all risks, hazards, defects and danger of loss or danger connected with the situation alleged in the Amended Verified Complaint were at the time and place mentioned open, obvious, and apparent and were known, or should have been known, by Plaintiff and voluntarily assumed by her.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.      That Plaintiff's Amended Verified Complaint, or a portion thereof, fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.      Upon information and belief, that the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom Defendant exercised no control.

2

272774948v.1

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 45 of 68 PageID #: 45

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10.     If, and in the event that, Defendant is found to be liable to Plaintiff, its liability is limited by the provisions of Article 16 of the CPLR.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11.     Upon information and belief, Plaintiff has been indemnified for medical costs and/or economic loss from a collateral source, by reason of which the liability of Defendant, if any, should be reduced by the amount provided by the collateral source.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12.     Defendant affirmatively pleads the provisions of section 4545 of the CPLR in limitation and mitigation of the damages sustained by Plaintiff, if any.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13.     Plaintiff failed to mitigate, obviate, diminish or otherwise act to lesson or reduce the injuries, damages and disabilities alleged in the Amended Verified Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14.     That the occurrence alleged in the Amended Verified Complaint was spontaneous and unavoidable and could not have been caused, anticipated or foreseen by Defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15.     If Plaintiff sustained any damages, there was an intervening cause or causes which led to such injuries or damages and, as such, any act on the part of Defendant was not the proximate cause of Plaintiff's damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16.     While Defendant denies Plaintiff's allegations of negligence, liability, statutory liability, strict liability, injuries and damages, if proven, they were the result of intervening and/or

3

272774948v.1

interceding acts of superseding negligence, liability, statutory liability, strict liability on the part of parties, which Defendant neither controlled nor had the right to control, and for which Defendant is not legally responsible.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17.    Upon information and belief, that Plaintiff's alleged damages were caused by pre-existing medical and health conditions.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18.    Upon information and belief, that service of the Summons and Complaint in this matter was not accomplished in the proper and designated manner as set forth in the CPLR, and therefore, the proper jurisdictional basis as against Defendant has not been effected.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19.    Any injury-causing defects alleged by Plaintiff were so trivial and therefore could not provide Defendant with notice of their alleged dangerous condition.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

20.    That Defendant was without notice of any of the purported condition(s) alleged in the Amended Verified Complaint.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

21.    Plaintiff failed to seek prompt, adequate, and proper medical care.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

22.    One or more of the causes of action are time barred pursuant to the applicable Statute of Limitations.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

23.    Plaintiff lacks capacity to sue.

4

272774948v.1

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 47 of 68 PageID #: 47

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

24.     Defendant reserves the right to claim limitations of liability provided pursuant to

General Obligations Law § 15-108.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

25.     Defendant reserves the right to assert additional and/or affirmative defenses based

upon information obtained through discovery and inspection.

**WHEREFORE**, Defendant AMF BOWLING CENTERS INC. demands judgment against

Plaintiff dismissing the Amended Verified Complaint herein plus interest; together with the costs,

disbursements, attorney's fees of the within action, and any other relief this Court deems just.

Dated:  White Plains, New York
        July 8, 2022

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
        Keri A. Joeckel, Esq.
        *Attorneys for Defendant*
        *AMF BOWLING CENTERS, INC.*
        1133 Westchester Avenue
        White Plains, New York 10604
        (914) 872-7160
        File No.: 11033.00281

TO:     Brett J. Harrison, Esq.
        THE HARRISON LAW GROUP, P.C.
        Attorneys for Plaintiff
        445 Broad Hollow Road, Suite 400
        Melville, New York 11747
        (631) 465-9797

5

272774948v.1

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 48 of 68 PageID #: 48

## ATTORNEY VERIFICATION

**KERI A. JOECKEL**, being duly sworn, deposes and says:

That she is associated with the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, the attorneys representing the defendant AMF BOWLING CENTERS, INC. in the above-captioned action;

That she has read the attached Verified Answer to the Amended Verified Complaint, and the same is true to her own belief, except as to the matters alleged on information and belief, and as to those matters, she believes them to be true to the best of her knowledge;

That deponent's source of information is a claims file containing reports and records of investigation, with which deponent is familiar;

That this Verification is made by deponent because her client does not reside within the county where the deponent maintains her office.

Dated: White Plains, New York
July 8, 2022

_____
KERI A. JOECKEL

6

272774948v.1

# Document #7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------------------x

ILEANA DELGADO,                                        Index No.: 607007/2022

         Plaintiffs,

     -against-                                 **NOTICE TO TAKE
                                                      DEPOSITIONS UPON
                                                      ORAL EXAMINATION**

AMF BOWLING CENTERS, INC.,

         Defendants.

------------------------------------------------------------------------x

     **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules

the testimony, upon oral examination of the plaintiff will be taken before a Notary Public who is not

an attorney, or employee of an attorney, for any party or prospective party herein and is not a person

who would be disqualified to act as a juror because of interest or because of consanguinity or

affinity to any party herein, at the office of WILSON, ELSER, MOSKOWITZ, EDELMAN &

DICKER LLP, located at 1133 Westchester Avenue, White Plains, New York 10604, on **October**

**3, 2022** at 10:00 o'clock in the forenoon of day with respect to evidence and material necessary in

the defense of this action.

     The said person to be examined is required to produce at such examination any and all

documents relative to the claims in the plaintiff's Amended Verified Complaint.

Dated:  White Plains, New York
      July 8, 2022

                              Yours, etc.

              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                      By: _____
                          Keri A. Joeckel, Esq.
                          *Attorneys for Defendant*
                          1133 Westchester Avenue

272790608v.1

White Plains, New York 10604
(914) 872-7160
File No.: 11033.00281

TO:   Brett J. Harrison, Esq.
      THE HARRISON LAW GROUP, P.C.
      Attorneys for Plaintiff
      445 Broad Hollow Road, Suite 400
      Melville, New York 11747
      (631) 465-9797

272790608v.1

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 52 of 68 PageID #: 52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------------x

ILEANA DELGADO,                                        Index No.: 607007/2022

              Plaintiff,

                                                       **DEMAND FOR AD DAMNUM**

      -against-

AMF BOWLING CENTERS, INC.,

              Defendant.

-------------------------------------------------------------------------x

       **PLEASE TAKE NOTICE** that the defendant, AMF BOWLING CENTERS, INC., by its

attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP., hereby demands,

pursuant to CPLR §3017, that plaintiff set forth the total damages to which she deems herself

entitled within fifteen (15) days of this request, at 1133 Westchester Avenue, White Plains, New

York 10604.

Dated:  White Plains, New York
        July 8, 2022

                                        Yours, etc.

                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                        By: _____

                              Keri A. Joeckel, Esq.
                              *Attorneys for Defendant*
                              1133 Westchester Avenue
                              White Plains, New York 10604
                              (914) 872-7160
                              File No.: 11033.00281

TO:   Brett J. Harrison, Esq.
      THE HARRISON LAW GROUP, P.C.
      Attorneys for Plaintiff
      445 Broad Hollow Road, Suite 400
      Melville, New York 11747
      (631) 465-9797

272790608v.1

# Document #8

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**



**AFFIDAVIT OF SERVICE**

*162672*

Index no : **607007/2022**
Date Filed: **04/11/2022**

| | |
|---|---|
| Plaintiff(s): | **ILEANA DELGADO** |
| Defendant(s): | **BOWLERO SAYVILLE, ET AL.** |

COUNTY OF ALBANY      ss.:

**McKayla Wilkinson,** being duly sworn, deposes and says: that the deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **07/06/2022** at **3:26 PM**, at the office of the Secretary of State of the State of New York in the City of Albany, NY, deponent served the within **NOTICE OF ELECTRONIC FILING, SUMMONS AND VERIFIED COMPLAINT** upon **AMF BOWL-O-DROME LANES** at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

Defendant/respondent in this action by delivering and leaving with **AMY LESCH,** authorized agent in the office of the Secretary of State of the State of New York, one (1) true copy thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00. That said service was made pursuant to Section **307 of the Business Corporation Law.**

A copy of said documents along with notification of service was also mailed to the defendant registered mail, return receipt requested: $\underline{RE\ 144\ 094\ 208\ US}$

Deponent further says that the person so served was known as aforesaid to be an authorized agent in the office of the Secretary of State of the State of New York duly authorized to accept such service on the behalf of said defendant/respondent.

Deponent further states that the person actually served is described as follows :

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | White | Blonde | 35-40 | 5Ft4In-5Ft8In | 155-165 lbs |
| Other Features: **GLASSES** | | | | | |

Documents were properly endorsed with index number and date of filing.

Sworn to and subscribed before me on   $7/8/22$

_____
Notary Public

X _____
McKayla Wilkinson
R/D Travelers Process
206 Stonehinge Lane, Suite 2
Carle Place, NY 11514
5167418817
56769**8**
<mark>HARRISON</mark>



[ ] Victoria Nelson
Notary Public, State of NY
No. 01NE5376548
Qualified in Albany County
Commission expires 06/11/2026

[ ]McKayla Wilkinson
Notary Public, State of New York
No. 01WI6406416
Qualified in Schenectady County
Commission expires 3/30/24

[ ]Kerry Gunner
Notary Public, State of NY
No. 01GU5038710
Qualified in Albany County
Commission expires 02/06/2023



# Document #9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**



**AFFIDAVIT OF SERVICE**

*162671*

Index no : **607007/2022**
Date Filed: **04/11/2022**

| Plaintiff(s): | **ILEANA DELGADO** |
|---|---|
| Defendant(s): | **BOWLERO SAYVILLE, ET AL.** |

COUNTY OF ALBANY      ss.:

**McKayla Wilkinson**, being duly sworn, deposes and says: that the deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **07/06/2022** at **3:26 PM**, at the office of the Secretary of State of the State of New York in the City of Albany, NY, deponent served the within **NOTICE OF ELECTRONIC FILING, SUMMONS AND VERIFIED COMPLAINT** upon **BOWLERO CORP., D/B/A BOWLERO SAYVILLE** at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

Defendant/respondent in this action by delivering and leaving with **AMY LESCH**, authorized agent in the office of the Secretary of State of the State of New York, one (1) true copy thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00. That said service was made pursuant to Section **307 of the Business Corporation Law**.

A copy of said documents along with notification of service was also mailed to the defendant registered mail, return receipt requested: RE 144 094 199 US

Deponent further says that the person so served was known as aforesaid to be an authorized agent in the office of the Secretary of State of the State of New York duly authorized to accept such service on the behalf of said defendant/respondent.

Deponent further states that the person actually served is described as follows :

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | White | Blonde | 35-40 | 5Ft4In-5Ft8In | 155-165 lbs |
| Other Features: **GLASSES** | | | | | |

Documents were properly endorsed with index number and date of filing.

Sworn to and subscribed before me on   7/8/22

Notary Public

X _____
McKayla Wilkinson
R/D Travelers Process
206 Stonehinge Lane, Suite 2
Carle Place, NY 11514
5167418817
56769
HARRISON



[ ] Victoria Nelson
Notary Public, State of NY
No. 01NE6376548
Qualified in Albany County
Commission expires 06/11/2026

[ ]McKayla Wilkinson
Notary Public, State of New York
No. 01WI6406416
Qualified in Schenectady County
Commission expires 3/30/24

[ ] Kerry Gunner
Notary Public, State of NY
No. 01GU5038710
Qualified in Albany County
Commission expires 02/06/2023

Case 2:22-cv-05262   Document 1   Filed 09/02/22   Page 59 of 68 PageID #: 59



# Document #10

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**



*162670*

**AFFIDAVIT OF SERVICE**

Index no : **607007/2022**
Date Filed: **04/11/2022**

| Plaintiff(s): | **ILEANA DELGADO** |
| Defendant(s): | **BOWLERO SAYVILLE, ET AL.** |

COUNTY OF ALBANY      ss.:

**McKayla Wilkinson**, being duly sworn, deposes and says: that the deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **07/06/2022** at **3:26 PM**, at the office of the Secretary of State of the State of New York in the City of Albany, NY, deponent served the within **NOTICE OF ELECTRONIC FILING, SUMMONS AND VERIFIED COMPLAINT** upon **BOWLERO SAYVILLE** at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

Defendant/respondent in this action by delivering and leaving with **AMY LESCH**, authorized agent in the office of the Secretary of State of the State of New York, one (1) true copy thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $40.00. That said service was made pursuant to Section **307 of the Business Corporation Law.**

A copy of said documents along with notification of service was also mailed to the defendant registered mail, return receipt requested: RE 144 094 185 US

Deponent further says that the person so served was known as aforesaid to be an authorized agent in the office of the Secretary of State of the State of New York duly authorized to accept such service on the behalf of said defendant/respondent.

Deponent further states that the person actually served is described as follows :

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
| Female | White | Blonde | 35-40 | 5Ft4In-5Ft8In | 155-165 lbs |
| Other Features: GLASSES | | | | | |

Documents were properly endorsed with index number and date of filing.

Sworn to and subscribed before me on      7/8/22

Notary Public

X _____
McKayla Wilkinson
R/D Travelers Process
206 Stonehinge Lane, Suite 2
Carle Place, NY 11514
5167418817
567694
HARRISON

[ ] Victoria Nelson
Notary Public, State of NY
No. 01NE6376548
Qualified in Albany County
Commission expires 06/11/2026

[ ]McKayla Wilkinson
Notary Public, State of New York
No. 01WI6406416
Qualified in Schenectady County
Commission expires 3/30/24

[ ] Kerry Gunner
Notary Public, State of NY
No. 01GU5038710
Qualified in Albany County
Commission expires 02/06/2023

Case 2:22-cv-05262 Document 1 Filed 09/02/22 Page 62 of 68 PageID #: 62



# Document #11

SUPREME COURT OF THE STATE OF NEW YORK
**COUNTY OF SUFFOLK**

INDEX #: 607007/2022
DATE FILED: 04/11/2022
COURT DATE:
Job #: 570059
Your File No:HARRISON

ILEANA DELGADO,

*Plaintiff*

*vs*

BOWLERO SAYVILLE, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, AMF BOWLING CENTERS, INC.,
d/b/a BOWLERO SAYVILLE and AMF BOWL-O-DROME LANES,

*Defendant*

**ORIGINAL**

CLIENT'S FILE NO.: HARRISON

STATE OF NEW YORK: COUNTY OF NASSAU   ss:

**AFFIDAVIT OF SERVICE**

I, Frank Sicilia, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 07/15/2022 at 1:59 PM at 5660 SUNRISE HIGHWAY, SAYVILLE, NY 11782, deponent served the within SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING by personally delivering to and leaving with PHIL AUSSET for BOWLERO CORP., d/b/a BOWLERO SAYVILLE, a true copy thereof, and that deponent knew the person so served to be the MANAGING AGENT/AREA MGR/ and stated (s)he was authorized to accept legal papers for the defendant/recipeint herein.

THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 04/11/2022

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 51 - 65 Yrs., **Approx Weight**: Over 200 Lbs., **Approx Height**: 5ft 9in - 6ft 0in, **Sex**: Male, **Approx Skin**: White, **Approx Hair**: Gray, **Other**: HAD A BEARD & MUSTACHE

Sworn to before me on 7/18/2022
Leta Evanthes 01EV6205373
Notary Public, State of New York
Qualified in Nassau County
Commission Expires May 11, 2025

Frank Sicilia

1 of 1

# Document #12

Case 2:22-cv-05262 Document 1 Filed 09/02/22 Page 66 of 68 PageID #: 66

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

INDEX #: 607007/2022
DATE FILED: 04/11/2022
COURT DATE:
Job #: 570058
Your File No:HARRISON

ILEANA DELGADO,

*vs*                                                          *Plaintiff*

BOWLERO SAYVILLE, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, AMF BOWLING CENTERS, INC.,
d/b/a BOWLERO SAYVILLE and AMF BOWL-O-DROME LANES,

*Defendant*

ORIGINAL

CLIENT'S FILE NO.: HARRISON

STATE OF NEW YORK: COUNTY OF NASSAU     ss:                    **AFFIDAVIT OF SERVICE**

I, Frank Sicilia, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 07/15/2022 at 1:59 PM at 5660 SUNRISE HIGHWAY, SAYVILLE, NY 11782, deponent served the within SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING by personally delivering to and leaving with PHIL AUSSET for BOWLERO SAYVILLE, a true copy thereof, and that deponent knew the person so served to be the MANAGING AGENT/AREA MGR/ and stated (s)he was authorized to accept legal papers for the defendant/recipeint herein.

THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 04/11/2022

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 51 - 65 Yrs., **Approx Weight**: Over 200 Lbs., **Approx Height**: 5ft 9in - 6ft 0in, **Sex**: Male, **Approx Skin**: White, **Approx Hair**: Gray, **Other**: HAD A BEARD & MUSTACHE

Sworn to before me on 7/18/2022
Leta Evanthes 01EV6205373
Notary Public, State of New York
Qualified in Nassau County
Commission Expires May 11, 2025

Frank Sicilia

1 of 1

# Document #13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

INDEX #: 607007/2022
DATE FILED: 04/11/2022
COURT DATE:
Job #: 570060
Your File No:HARRISON

ILEANA DELGADO,

*Plaintiff*

*vs*

BOWLERO SAYVILLE, BOWLERO CORP., d/b/a BOWLERO SAYVILLE, AMF BOWLING CENTERS, INC., d/b/a BOWLERO SAYVILLE and AMF BOWL-O-DROME LANES,

*Defendant*

ORIGINAL

CLIENT'S FILE NO.: HARRISON

STATE OF NEW YORK: COUNTY OF NASSAU     ss:

**AFFIDAVIT OF SERVICE**

I, Frank Sicilia, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 07/15/2022 at 1:59 PM at 5660 SUNRISE HIGHWAY, SAYVILLE, NY 11782, deponent served the within SUMMONS, VERIFIED COMPLAINT AND NOTICE OF ELECTRONIC FILING by personally delivering to and leaving with PHIL AUSSET for AMF BOWL-O-DROME LANES,, a true copy thereof, and that deponent knew the person so served to be the MANAGING AGENT/AREA MGR/ and stated (s)he was authorized to accept legal papers for the defendant/recipeint herein.

THE ABOVE PAPERS WERE ENDORSED WITH THE INDEX # AND DATE OF FILING 04/11/2022

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 51 - 65 Yrs., **Approx Weight**: Over 200 Lbs., **Approx Height**: 5ft 9in - 6ft 0in, **Sex**: Male, **Approx Skin**: White, **Approx Hair**: Gray, **Other**: HAD A BEARD & MUSTACHE

Sworn to before me on 7/18/2022
Leta Evanthes 01EV6205373
Notary Public, State of New York
Qualified in Nassau County
Commission Expires May 11, 2025

Frank Sicilia

1 of 1